UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TECNOTUBI, S.P.A.,

                         Petitioner,

- against -

TEX-ISLE SUPPLY, INC. and ALESSIO TUBI S.P.A.,

                         Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Civil Action No.

**PETITION TO VACATE AND/OR MODIFY ARBITRATION AWARD**

Petitioner Tecnotubi, S.p.A.("Tecnotubi" or "Petitioner"), through its undersigned counsel, as and for its Petition to Vacate and/or Modify an Arbitration Award against Respondent Tex-Isle Supply, Inc. ("Tex-Isle" or "Respondent") and Alessio Tubi S.p.A. ("Alessio"), alleges as follows:

## THE PARTIES

1. Petitioner Tecnotubi is a corporation organized and existing under the laws of Italy.

2. Respondent Tex-Isle Supply, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 10000 Memorial Drive, Suite 600, Houston, Texas, 77024.

3. Respondent Alessio is a corporation organized and existing under the laws of Italy and is named as a Respondent herein only because it was a party to the Arbitration (as that term is defined below).

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter due to diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). Petitioner Tecnotubi and Respondent Alessio

are citizens of Italy and Respondent Tex-Isle is a citizen of Texas.

5. Venue is proper in this judicial district pursuant to 9 U.S.C § 10(a) and/or 28 U.S.C. 1391(b)(2) because the arbitration was conducted, and the arbitration award which Petitioner Tecnotubi seeks to vacate was issued, in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. In this action, Petitioner Tecnotubi seeks to vacate and/or modify the Final Award issued in the arbitration captioned *Tex-Isle Supply, Inc. v. Tecnotubi S.p.A.,* ICDR Case No. 01-20-0015-5404 (the "Arbitration"), pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10 (the "FAA").

7. Petitioner Tecnotubi is an Italian pipe manufacturer.

8. Respondent Tex-Isle is a Texas pipe distributor to the oil and gas industry.

9. Tex-Isle entered into a contract with Tecnotubi for Tecnotubi to supply Tex-Isle with pipes manufactured by Alessio.

10. Disputes arose between the parties concerning whether the pipes supplied to Tex-Isle by Tecnotubi were defective and/or failed to meet the contractually required specifications.

11. On or about November 11, 2020, Tex-Isle filed a Demand for Arbitration with the International Center for Dispute Resolution("ICDR") of the American Arbitration Association against Tecnotubi and Alessio (the claims against Alessio in the Arbitration ultimately were dismissed by the Final Award).

12. In its Demand for Arbitration, Tex-Isle alleged breach of contract and breach of warranty claims based on its claim that some of the pipes manufactured by Alessio failed when tested by Tex-Isle customers who purchased the pipes and that many of the pipes

were later found to be defective.

13. In its Demand for Arbitration, Tex-Isle relied on the arbitration clause contained in the Toyota Tsusho America, Inc. Purchase Order No. 20482397 and its associated Terms and Conditions ("T&Cs") (collectively, the "Toyota PO"). A true and correct copy of the Toyota PO is attached hereto as Exhibit ("Ex.") 1 and is incorporated herein by reference.

14. The Toyota PO provides that "[t]his Purchase Order, the Contract and any contracts relating hereto or formed hereunder, unless otherwise stipulated or agreed to in writing, shall be construed according to and governed by the internal laws of the State of New York . . . Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in the City of New York, New York." Ex. 1.

15. The parties dispute whether the Toyota PO is the governing agreement.

16. Tecnotubi claimed in the Arbitration, and claims herein, that the governing agreement was the Tecnotubi Contract No. 20482387 (the "Tecnotubi Contract"). A true and correct copy of the Tecnotubi Contract is attached hereto as Ex. 2 and is incorporated herein by reference.

17. The Tecnotubi Contract provides that "[a]ny disputes arising concerning the interpretation, execution, fulfillment, breach, termination and/or any other matter relating to the contract, shall be settled in accordance with Swiss law and Swiss jurisdiction, the place of arbitration will be Geneva." Ex. 2 at Section E.

18. On or about December 17, 2020, the ICDR appointed Matthew Draper (chair), Lucy Greenwood, and John V.H. Pierce to serve as arbitrators in the Arbitration (the "Tribunal").

19. On or about December 17, 2020, Respondents in the Arbitration, Tecnotubi

3

and Alessio, filed their Answer and Affirmative Defenses to Claimant's Demand (the "Answer"). In their Answer, and throughout the Arbitration, Tecnotubi and Alessio denied that the pipes that failed and/or were defective were manufactured by Alessio. As more fully discussed below, during the Arbitration, Tecnotubi (and Alessio) demonstrated, among other things, that the pipes Alessio manufactured met all specifications and were free from defects, and, further, that Tex-Isle has failed to establish that the defective pipes were manufactured by Alessio.

20. On February 10, 2021, the Tribunal issued Procedural Order No. 1, which established that, in the interests of efficiency, the Tribunal would determine on a preliminary basis what contract governed the parties' relationship, whether the Tribunal had jurisdiction, and whether an agreement assigning Toyota's claims to Claimant was valid and enforceable.

21. In Procedural Order No. 1, the Tribunal asked the parties to address three questions, including:

> Which document constitutes the governing contract for the purposes of this arbitration: the Toyota Tsusho America, Inc. Purchase Order No. 20482387 (the "Purchase Order") or the Tecnotubi Contract No. S001.19 (the "Tecnotubi Contract")?
>
> What is the effect, if any, of the answer to Issue A on the Tribunal's jurisdiction in this arbitration?

22. On March 16, 2021, Tecnotubi and Alessio jointly filed their opening brief concerning the jurisdictional objection. Tex-Isle submitted its Responsive Brief on April 13, 2021, and Tecnotubi and Alessio filed a Reply Brief on May 11, 2021.

23. On July 27, 2021, the Tribunal issued a Partial Final Award (the "Partial Award") on the preliminary questions briefed by the parties. A true and correct copy of the Partial Award is attached hereto as Ex. 3 and is incorporated herein by reference.

24. In the Partial Award, the Tribunal erroneously concluded that "the Toyota PO is

the parties' governing contract, and that the Tribunal therefore has jurisdiction under the arbitration agreement in the T&Cs to determine the parties' disputes." Ex. 3. at ¶6.

25. The evidentiary hearing in the Arbitration was conducted on November 7-9 and December 12, 2022, and February 3, 2023 in Manhattan, at the offices of Respondent's counsel, Kelley, Drye & Warren, located at 175 Greenwich Street, New York, New York, 10007 (the "Hearing").

26. The following witnesses and experts provided testimony and were cross examined at the Hearing: Andy Mejia, Greg Miller, Mario Guerra, Greg Lamberson, Bruce Urband, Alejandro Martinez, Michele Amenduni, Daniela Bonetto, Ugo Giordanino, Giovanni Conte, Antonio Mollo, and Maria Varischetti.

27. On May 31, 2023, the Tribunal issued the Final Award, in which it determined that the defective pipes were manufactured by Alessio and that Tecnotubi breached the Toyota PO because the pipes did not meet the contractually required specifications and/or were defective. A true and correct copy of the Final Award is attached hereto as Ex. 4 and is incorporated herein by reference.

28. The Final Award should be vacated and set aside pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10 (the "FAA"), because the Tribunal exceeded its powers in issuing the Partial Award, and then the Final Award, because the agreement between the parties, the Tecnotubi Contract, required the Arbitration to be held in Geneva and for Swiss law to apply, not New York and/or for the application of New York law.

29. Accordingly, the Tribunal lacked the power and/or jurisdiction to conduct the Arbitration and/or issue the Final Award. In doing so, the Tribunal also executed its powers so imperfectly that that a mutual, final, and definite award upon the subject matter submitted was

not made and/or the Tribunal manifestly disregarded the law.

30. In addition, the Final Award should be vacated and set aside because numerous findings of fact determined by the Tribunal in the Final Award themselves demonstrate that Tex-Isle failed to sustain its burden in demonstrating that the pipes at issue were manufactured by Alessio and delivered to Tex-Isle by Tecnotubi. Accordingly, in finding for Tex-Isle, the Tribunal executed its powers so imperfectly that a mutual, final, and definite award upon the subject matter submitted was not made and/or it manifestly disregarded the law.

## **COUNT I**
(To Vacate or Modify the Final Award,
Pursuant to Section 10(a)(4) of the Federal Arbitration Act)

31. Petitioner repeats and re-alleges the allegations contained in Paragraphs 1-30 above, as if fully set forth herein.

32. Section 10(a)(4) of the Federal Arbitration Act provides that:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
> \*   \*   \*
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(4).

33. The Final Award should be vacated because the Tribunal exceeded its authority in rendering the Final Award because the governing agreement between the parties required that the arbitration to be conducted in Geneva, Switzerland and that Swiss law apply.

34. Yet, in violation of the governing agreement, Arbitration was conducted in New York and New York law was applied.

35. Accordingly, the Tribunal did not have the authority to conduct the Arbitration in New York and exceeded its powers by doing so, requiring vacatur of the Final Award.

9  In addition, the Final Award should be vacated and/or modified based on its substantive determinations because in finding that the pipes at issue in the Arbitration were manufactured by Alessio, and sold to Tex-Isle by Tecnotubi, and/or in awarding certain damages, the Tribunal manifestly disregarded the law and/or so imperfectly executed its powers that a mutual, final, and definite award upon the subject matter submitted was not made.  9 U.S.C. § 10(a)(4).

WHEREFORE, Petitioner Tecnotubi S.p.A demands Judgment as follows:

A. On Count I, an order vacating and setting aside the Final Award and/or modifying it; and

B. Such other and further relief as the Court or Jury deems just and proper.

Dated: New York, New York
August 16, 2023

Law Offices of Steven D. Isser

By:_____
Steven D. Isser. Esq.
305 Broadway, 7th Floor
New York, New York  10007
(212) 812-5096
sisser@isserlaw.com
*Attorneys for Petitioner Tecnotubi, S.p.A*